THOMPSON, Judge.
Moultrie appeals a final order of the Division of Administrative Hearings finding that he lacked standing to challenge the validity of a Department of Corrections (DOC) disciplinary rule. We reverse.
During 1981, Moultrie, a former inmate of Zephyrhills Correctional Institution (ZCI), was found guilty by a prison disciplinary committee of destruction of state property. Penalties imposed by the committee included a period of disciplinary confinement, a loss of some gain time, and an assessment of damages in the amount of $300.00 in favor of ZCI. As authority for the assessment of damages, the committee relied on Rule 33-3.08(6)(b)4, F.A.C. Moul-trie did not have $300.00 and the committee placed a lien against his inmate bank account pursuant to Rule 33-3.08(6)(b)4b.
Shortly after the disciplinary action was imposed, Moultrie was transferred to Florida State Prison (FSP) where he remains incarcerated to this date. From time to time during the next four years the DOC withdrew monies from Moultrie’s inmate account at FSP and paid them to ZCI. During this time Moultrie unsuccessfully resorted to DOC grievance procedures in an attempt to have the disciplinary action overturned. In 1984 Rule 33-3.08 was amended and renumbered as Rule 33-22.08, but the amendments have no relevance to-the issue presented on this appeal. By October 9, 1985, the $300.00 had been collected in full.
In February 1986 Moultrie initiated a § 120.56, Fla.Stat. proceeding challenging the validity of the rule and alleging that portions of the rule were an invalid exercise of delegated legislative authority. In particular, he alleged that there was no legislative authority for the portions of the rule permitting the assessment of damages against him, the placing of a lien on his inmate bank account, or the withdrawing of funds from his inmate bank account to pay the amount of damages assessed. The DOC responded by moving to dismiss for lack of standing, contending that because the $300.00 assessment had been collected in full and it was no longer imposing a lien on Moultrie’s inmate account, he had failed to show that the rule was having a continuing adverse effect on him as required by Department of Offender Rehabilitation v. Jerry, 353 So.2d 1230 (Fla. 1st DCA), cert. denied, 359 So.2d 1215 (Fla.1978). The hearing officer agreed and entered a final order dismissing Moultrie’s petition for lack of standing.
Jerry is not applicable to the facts in the instant case. Jerry is only authority for the proposition that if the petitioner has failed to show injury which is accompanied by any continuing present adverse effects then he does not have standing to challenge the rule. Jerry had served his term of disciplinary confinement and his only prospects for future injury lay in the possi *193 bility that he would again be subjected to disciplinary confinement because of future infractions. This court held that it was a matter of speculation and conjecture whether that would occur. The court did note, however, that were it confronted with a situation in which a loss of gain time had been imposed as a penalty there would be no question that injury in fact had resulted and that Jerry would have had appropriate standing to challenge the rule because he would be entitled to have his gain time restored if the loss had been imposed pursuant to an invalid rule. The same is true in the instant case where the inmate contends that money damages were imposed and deducted from his inmate bank account pursuant to an invalid rule. If the inmate prevails on his rule challenge he may be entitled to a refund or restoration of the funds to his inmate account. Moultrie therefore has suffered a continuing injury and has standing to challenge that portion of Rule 33-22.08 relating to the assessment of damages and the deduction of any damages awarded from his inmate account. REVERSED and REMANDED for further proceedings consistent with this opinion.
JOANOS and NIMMONS, JJ., concur.