**Ronald H. SPEARS, Plaintiff-Appellant,**

v.

**Morris THIGPEN, John Nagle; Steve Dees (jointly, individually and each in their capacity), Defendants-Appellees.**

No. 87-7672

Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

June 13, 1988.

Ronald H. Spears, pro se.

Don Siegelman, Atty. Gen., Thomas T. Allison, P. David Bjurberg, Asst. Atty. Gen., Montgomery, Ala., for defendants-appellees.

Before HILL, KRAVITCH and JOHNSON, Circuit Judges.

PER CURIAM:

The appellant, Ronald Spears, filed this suit under 42 U.S.C. § 1983 complaining about various aspects of his confinement in administrative segregation at the West Jefferson Correctional Facility in Bessemer, Alabama. He alleged that the conditions of his confinement in administrative segregation violated his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution. He further alleged that administrative segregation was used as a pretext for extended punitive segregation without due process of law. The appellant sought injunctive and declaratory relief. The district court entered summary judgment in favor of the defendants, and Spears appeals. We vacate the judgment of the district court and remand with instructions to dismiss the bulk of appellant's claims as moot and to conduct further proceedings on appellant's due process claim.

This court must review its jurisdiction over an appeal at all times during the appellate process. *Ray v. Edwards,* 725 F.2d 655, 658 n. 3 (11th Cir.1984). This court has clearly stated the following:

> Absent class certification, an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred.

*Wahl v. McIver,* 773 F.2d 1169, 1173 (11th Cir.1985).

 Appellant filed the present complaint while he was incarcerated at the West Jefferson facility. He specifically challenged the conditions of his administrative segregation at that facility. In fact, he complained that administrative segregation at the West Jefferson facility compared unfavorably to such segregation at other Alabama facilities. The record shows that Spears was transferred to another facility shortly after his complaint was filed. Indeed, he was transferred to one of the facilities which he had alleged was better equipped and more adequate than the West Jefferson facility. At that point, his claims for injunctive and declaratory relief relating to the conditions of his administrative segregation at the West Jefferson facility no longer presented a case or controversy. *See id.* Thus, the claims regarding the conditions at the West Jefferson facility are moot. On remand, the district court should dismiss those claims.

Appellant has also asserted that the extended use of administrative segregation violates the requirements of due process. The record suggests that appellant has remained in administrative segregation at the facility where he is now incarcerated. Therefore, appellant's due process claim continues to present a live controversy. The district court found that the requirements of due process, as outlined in *Hewitt v. Helms,* 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983), had been satisfied through regularly scheduled reviews of appellant's continued administrative segregation status. The court's finding relied upon the assumption that the applicable prison regulations which require periodic reviews had been followed with respect to appellant. There is, however, no documentation in the record to establish that any reviews have actually occurred. We therefore vacate the judgment entered in favor of the defendants on this claim, and remand the case for further proceedings on the issue of whether appellant's status has, in fact, been reviewed regularly as required by prison regulations and the federal constitution.

The judgment of the district court is vacated. We remand the case with instructions to dismiss as moot the claims relating to the conditions of appellant's confinement at West Jefferson and to conduct further proceedings on the remaining due process claim.

VACATED and REMANDED.