691 So.2d 537 (1997)
Julio Cesar MARTINEZ, Appellant,
v.
Harry K. SINGLETARY, Jr., Secretary, Florida Department of Corrections, Appellee.
No. 96-1270.
District Court of Appeal of Florida, First District.
April 4, 1997.
*538 Appellant pro se.
Robert A. Butterworth, Attorney General, and Sandra C. Upchurch, Assistant Attorney General, Tallahassee, for Appellee.
MICKLE, Judge.
Julio C. Martinez, an inmate in the custody of the Florida Department of Corrections, appeals from an order denying, as moot, his petition for writ of habeas corpus/mandamus. Having concluded that the appellee, as the party claiming mootness, failed to meet its burden under County of Los Angeles v. Davis, 440 U.S. 625, 631, 99 S.Ct. 1379, 1383, 59 L.Ed.2d 642 (1979), and Firefighters Local Union No. 1784 v. Stotts, 467 U.S. 561, 569-601, 104 S.Ct. 2576, 2583-2600, 81 L.Ed.2d 483 (1984), to show that the case actually was moot, we reverse the order and remand for further proceedings addressing the petition.
In his petition, Martinez alleged a number of due-process violations in 1994 arising from the Department of Corrections' transferring him to another wing of the Florida State Prison. He sought, inter alia, 1) the restoration of 60 days of lost gain-time arising from a disputed disciplinary infraction (disobeying a prison officer's verbal order), 2) protection from other inmates who purportedly were conspiring to harm him, 3) the expungement of the disciplinary report, and 4) his removal from assignment in close management. While his petition was pending in the lower tribunal, Martinez was removed from the Florida State Prison and was transferred to a mental health institution. According to Martinez's statement of facts (with which the appellee generally agreed), after his January 23, 1996, discharge from the Corrections Mental Health Institution, Martinez was returned to the Florida State Prison and was assigned again to close management, the classification from which he had sought relief. On February 28, 1996, the trial court denied the petition as moot.
The Supreme Court of Florida has stated that "[a]n issue is moot when the controversy has been so fully resolved that a judicial determination can have no actual effect," and "[a] case is `moot' when it presents no actual controversy or when the issues have ceased to exist." Godwin v. State, 593 So.2d 211, 212 (Fla.1992). Generally, an inmate's grievance regarding the conditions of his confinement at a certain institution becomes moot upon his transfer to another facility. Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir.1988) (inmate's claims regarding conditions of administrative segregation at correctional facility from which he had been transferred were moot for lack of "a case or controversy"), cert. den., 488 U.S. 1046, 109 S.Ct. 876, 102 L.Ed.2d 999 (1989). Similarly, a claim may become moot if officials give the petitioner the relief sought. Alston v. Robinson, 791 F.Supp. 569, 578 (D.Md.1992) (reinstatement to work release mooted claim of improper removal from work release). Despite the general rule set forth in Spears, supra, short-lived violations of law that are over before they can be fully challenged in court are not considered moot if they are capable of repetition yet evade judicial review, or if their recurrence upon the complainant is a reasonable expectation. Honig v. Doe, 484 U.S. 305, 318, 108 S.Ct. 592, 601-02, 98 L.Ed.2d 686 (1988); Clark v. Brewer, 776 F.2d 226, 229 (8th Cir.1985) (release from close management status did not moot case, given reasonable expectation that petitioner would return there).
*539 In the months preceding and subsequent to the ruling, Martinez was transferred among various institutions but always ended up assigned to close management at the Florida State Prison. Relief, if any, was temporary and partial. Therefore, his alleged grievances not only are "capable of repetition" but also have recurred so as to evade effective judicial review. Under these circumstances, the petition is not moot. Additionally, the case is not moot because a possibility exists that adverse collateral legal consequences will befall the complainant. Sibron v. New York, 392 U.S. 40, 55-58, 88 S.Ct. 1889, 1898-1900, 20 L.Ed.2d 917 (1968); West v. Cunningham, 456 F.2d 1264 (4th Cir.1972) (where notation, on inmate's prison record, of imposition of administrative segregation for over 2 years could well prejudice his future chances for pardon or parole, and state law forbade accumulation of time off for good behavior while prisoner was undergoing discipline for violation of prison rules, action to compel release from maximum security wing of state penitentiary was not mooted by inmate's return to general prison population). Martinez alleged that even if he were to be removed from close management and permanently transferred from the Florida State Prison, he would continue to suffer other adverse collateral legal consequences of the appellee's actions, e.g., the loss of gain-time, the extension of his presumptive parole release date, and the presence of the disciplinary report in his prison records.
Inasmuch as the petition was denied based on the threshold question of mootness, we decline to address for the first time on appeal the issues relating to the alleged violations of due process. The sufficiency of those allegations is an appropriate matter for consideration upon remand to the trial court.
REVERSED and REMANDED for further proceedings.
MINER and ALLEN, JJ., concur.