SHARP, W., J.,
dissenting.
I disagree the trial court lacked jurisdiction to “reopen” Yasir’s lawsuit to consider refunding the fees he spent to comply with the unconstitutional copy requirements of section 57.085(7). Yasir is unskilled in the law and so not unreasonably moved for a refund of fees in the case in which he incurred those fees. Had Yasir instead filed a declaratory judgment action seeking a determination he is entitled to the refund, the courts would have to address the issue on its merits.
Admittedly Mitchell v. Moore, 786 So.2d 521 (Fla.2001) did not address the issue of entitlement to refunds for indigent prisoners who had paid for copies and accordingly had not been barred from bringing a lawsuit. But it seems logical that if the copy requirement is found unconstitutional, an indigent prisoner would be entitled to a refund of the cost of complying with that requirement. See, e.g., Department of Revenue v. Kuhnlein, 646 So.2d 717 (Fla.1994), cert. denied, 515 U.S. 1158, 115 S.Ct. 2608, 132 L.Ed.2d 853 (1995) ($295.00 impact fee on cars purchased or titled in other states that were then registered in Florida was unconstitutional; full refund to all who had paid this illegal tax was the only clear and certain remedy); Moultrie v. Florida Department of Corrections, 496 So.2d 191 (Fla. 1st DCA 1986) (inmate had standing to challenge prison rule which provided authority for assessing damages against him for destruction of state property; if inmate prevails on his rule challenge he may be entitled to a refund or restoration of funds to his inmate account).
It is tempting to dismiss Yasir’s claim on jurisdictional grounds or to consider the sum involved de minimis.[1] See Northern v. Nelson, 448 F.2d 1266 (9th Cir.1971). However, to an inmate with only $100.00 or less in his or her inmate account, $7.50 may not be de minimis.
The situation in which Yasir finds himself, of having been forced to pay an unconstitutional fee in order to be granted access to the courts, is one which others may also find themselves and may be a recurring problem the courts should resolve. Martinez v. Singletary, 691 So.2d 537 (Fla. 1st DCA 1997); C.M.T. v. Department of Health and Rehabilitative Services, 550 So.2d 126 (Fla. 1st DCA 1989). I would reverse and remand for Yasir to obtain a refund of those fees.

. De minimis non curat lex" — the law does not concern itself with trifles.” Black’s Law Dictionary (7th ed.1999).