[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 9, 2005
THOMAS K. KAHN
CLERK

No. 04-13825
Non-Argument Calendar

_____

D. C. Docket No. 00-01283-CV-J-20-HTS

SIDDIQ ASAD,

Plaintiff-Appellant,

versus

JAMES CROSBY,
J. F. LINDSEY,
TOMMY BOSTON,
DANNY HERRING,
ALFRED W. BOETTJER, et al.,

Defendants-Appellees,

ALEX TAYLOR,
L.E. TURNER, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(November 9, 2005)**

Before TJOFLAT, DUBINA  and MARCUS, Circuit Judges.

PER CURIAM:

Siddiq Asad, a Florida state prisoner proceeding pro se, appeals the district court's dismissal, in part, and entry of summary judgment, in part, on his 42 U.S.C. § 1983 action, in which he alleged that officers at the Hamilton Correctional Institution ("HCI") violated his constitutional rights by prohibiting him from praying under a stairwell at the facility. Asad also claimed, among other things, that the defendants acted in furtherance of a conspiracy to retaliate against him after he filed a grievance against Sergeant Tommy Boston.

On appeal, Asad argues the district court erred by (1) dismissing the complaint as to Lieutenant Sandra Dupree based on Asad's inability to effect proper service; (2) dismissing, pursuant to Fed. R. Civ. P. 12(b)(6), Asad's supervisory liability claim against Secretary Michael W. Moore and Superintendent L.E. Turner and his access-to-courts claim against Officer Christopher M. Sapp;[1] and (3) granting defendants' second motion for summary

---

[1]Asad also appeals the Rule 12(b)(6) dismissal of his claims for compensatory and punitive damages. Pursuant to 42 U.S.C. § 1997e(e), "[n]o Federal action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Asad does not assert any actual physical injury resulting from the defendants' conduct. Accordingly, the district court did not err by dismissing his claims for compensatory or punitive damages. Cf. Harris v. Garner, 216 F.3d 970, 984-85 (11th Cir. 2000) (en banc) (holding that "Federal civil action" in § 1997e(e) means all federal claims, including constitutional claims), reinstating in part 190 F.3d 1279 (11th Cir. 1999). To the extent that Asad is arguing that § 1997e(e) is inapplicable to his claim because he is not alleging an emotional or mental injury, Asad's failure to establish the violation of a fundamental constitutional right precludes any type of recovery, including recovery for nominal damages. Cf.

2

judgment on Asad's claim alleging a violation of his right to freely exercise his religion and Asad's due-process claim.[2]  After thorough review of the record and the parties' briefs, we affirm.

Hughes v. Lott, 350 F.3d 1157, 1162 (11th Cir. 2003) (holding that § 1997e(e) does not preclude prisoner's recovery of nominal damages, even in the absence of actual physicial injury, where prisoner establishes violation of a fundamental constitutional right).

[2]Asad's argument that the district court erred by denying his motions for preliminary injunction, in which he requested to be removed from close-management confinement, has been rendered moot.  In the district court, Asad acknowledged that on September 1, 2000 he was transferred from HCI to Baker Correctional Institute (" BCI") to serve his close-management time and, as of February 21, 2002, he was released from close management at BCI.  Asad did not request any injunctive relief, or assert any claims, against officials at BCI, and does not demonstrate a real possibility that he might encounter the named defendants from HCI again at another correctional institution.  Cf. Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988) (holding that claims regarding treatment at a facility at which prisoner was no longer incarcerated were moot); Zatler v. Wainwright, 802 F.2d 397, 399 (11th Cir. 1986) (affirming the dismissal of an inmate's request for injunctive relief as moot because at the time the district court rendered its decision, the inmate was no longer incarcerated at the prison where the alleged constitutional deprivation occurred).  Moreover, Asad has not alleged any of the circumstances that would qualify him for any exception to his claim being considered moot.  See Bekier v. Bekier, 248 F.3d 1051, 1054, n.4 (11th Cir. 2001).

As for Asad's argument that the district court erred by denying his motions for appointment of counsel, we can find no abuse of discretion.  Cf. United States v. Berger, 375 F.3d 1223, 1226 (11th Cir. 2004) (reviewing denial of motion for appointment of counsel for abuse of discretion).

We also summarily affirm the entry of summary judgment on Asad's other administratively exhausted claims.  Based on our review of the district court's thorough opinion, we are not persuaded by Asad's arguments that the district cout's analysis of his retaliation, conspiracy, and close-management claims was too general or should have been more thorough.  The record is clear that the district court carefully considered these claims and that the court's consideration included a review of Asad's many exhibits.  As for Asad's argument concerning the entry of summary judgment on his discrimination claim against Sergeant Glover, we are satisfied the district court's failure to address the claim does not warrant reversal given the district court's analysis of Asad's identical claim, also based on an alleged racial epithet, against Sergeant Boston.

We review for abuse of discretion a district court's ruling on dismissal for failure to timely serve a summons and complaint. See Brown v. Nichols, 8 F.3d 770, 775 (11th Cir. 1993) (analyzing former Fed. R. Civ. P. 4(j)). We review de novo the dismissal of a complaint pursuant to Rule12(b)(6). Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004). "Dismissal under Rule 12(b)(6), Fed. R. Civ. P., is appropriate 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint.'" Rendon v. Valley Crest Productions, Ltd., 294 F.3d 1279, 1282 (11th Cir. 2002).

We review "a grant of summary judgment de novo, using the same legal standard as the district court." Merritt v. Dillard Paper Co., 120 F.3d 1181, 1184 (11th Cir. 1997). Summary judgment is proper if the pleadings, depositions, and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986) (quoting Fed. R. Civ. P. 56(c)). While the evidence, and all inferences drawn from the facts, must be viewed in the light most favorable to the non-moving party, in order to defeat summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus.

Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

The relevant facts are straightforward and largely undisputed. On November 27, 2000, Asad filed this action, naming sixteen defendants[3] and alleging that: (1) the defendants violated his constitutional right to freely exercise his religion by preventing him from praying under a stairwell at HCI; (2) certain defendants were liable to him under the doctrine of supervisory liability; (3) he received false disciplinary reports in retaliation for his filing grievances; (4) the defendants conspired to prevent him from praying under the stairwell; and (5) the defendants violated his constitutional right to access the courts and his right to due process. In support of his complaint, which exceeded 50 pages, Asad filed over 100 pages of exhibits, the majority of which were copies of grievances he filed and the officers' responses to them, along with disciplinary reports and hearings he received.

As for the claims pertinent to this appeal, Asad alleged the following. After Asad filed a grievance against Sergeant Boston, in which he claimed that Boston told Asad not to look at Boston's face, Boston retaliated against Asad by forming a

---

[3]Asad subsequently filed an amended complaint against the following defendants: Michael W. Moore, Secretary of the Florida Department of Corrections ("FDOC"); HCI Superintendent L.E. Turner; HCI Colonel J.F. Lindsey; HCI Administrative Lieutenant Sandra L. Dupree; HCI Sergeants Tommy Boston, Danny Herring, Alfred W. Boettjer, John T. Santerfeit, Allen L. Smith, and Jeffrey A. Glover; and HCI Correctional Officers Christopher M. Sapp, Mark Register, and John Stepp.

5

conspiracy against him that included Officers Sapp and Register and Asad's fellow inmates, all of whom harassed him. The conspiracy also included: (1) Sergeants Herring and Boettjer, who filed disciplinary reports against Asad for praying under the stairwell; (2) Sergeant Santerfeit, who filed a disciplinary report stating that Asad lied to him by claiming that Sergeant Boston gave Asad permission to pray under the stairwell; (3) Sergeant Smith, who filed disciplinary reports against Asad for praying under the stairwell; and (4) Sergeant Glover, who filed an allegedly false disciplinary report against Asad for praying under the stairwell and who verbally attacked Asad by calling him a "nigger."

In his complaint, Asad further alleged that Colonel Lindsey and Officer Stepp took part in a related conspiracy to place Asad in close-management confinement. Also according to Asad's complaint, Officer Sapp, in addition to participating in the conspiracy, hindered Asad's access to the courts by confiscating portions of Asad's complaint pertaining to Officer Sapp and his friends, which delayed Asad's filing of the instant action. Finally, Asad asserted that Secretary Moore and Superintendent Turner were liable to him under the doctrine of supervisory liability because they failed (1) to properly train and supervise their subordinates; (2) to take adequate measures to cure the

6

constitutional violations against Asad; and (3) to afford Asad relief during the grievance process.

In his request for relief, Asad asked the district court to issue a declaratory judgment that each defendant violated Asad's constitutional rights and requiring each defendant to submit a written apology admitting his/her role and guilt in the violation of his constitutional rights. Asad also requested injunctive relief and compensatory and punitive damages exceeding $2 million.

The defendants subsequently filed a partial motion to dismiss and a motion for summary judgment. The district court granted the motion to dismiss as to Secretary Moore and Superintendent Turner after finding that Asad could not recover under respondeat superior because he did not allege any affirmative casual connection between Moore or Turner and any constitutional deprivation suffered. The district court also dismissed Asad's access-to-courts claim against Officer Sapp, based on Asad's failure to allege a sufficient injury to establish the claim, and Asad's requests for compensatory and punitive damages because they were foreclosed by 42 U.S.C. § 1997e(e).

After the partial dismissal of the amended complaint, Asad filed a second amended complaint in which he dropped defendants Moore, Turner, and Sapp. He sought injunctive relief and monetary damages, and alleged that the remaining ten

defendants violated: (1) the Free Exercise Clause of the First Amendment of the United States Constitution; (2) Article I, Section Three of the Florida Constitution; (3) the 2000 Religious Land Use and Institutionalized Persons Act; (4) the Florida Religious Freedom Restoration Act of 1998; (5) the Petition Clause of the First Amendment of the United States Constitution and Article I, Section Five of the Florida Constitution; (6) the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution and Article I, Sections Two and Nine of the Florida Constitution; (7) 42 U.S.C. § 1981 and its Florida equivalent; and (8) 42 U.S.C. § 1985(3) and Florida Statute Section 777.04.

The remaining defendants refiled their motion for summary judgment. The district court found that Asad's claim of racial discrimination against Sergeant Boston "based upon allegedly disrespectful language, did not rise to the level of a federal constitutional law." The district court also held that Sergeants Herring and Bottjer did not violate Asad's right to freely exercise his religious beliefs when they charged him with disobeying a verbal order not to pray under the stairwell because the prohibition against conducting activity under the stairwell was reasonably related to the legitimate penological interest of reducing security risks and Asad was not prohibited from praying in his cell or in the institution's chapel. The court further found that Asad offered no evidence, other than his own

conclusory allegations, of an agreement between Officer Stepp and Colonel Lindsey to place Asad in close-management confinement. Moreover, the court held that Asad's due-process rights were not violated in association with disciplinary reports dated February 6, 2000, May 23, 2000, June 11, 2000 and July 17, 2000 because Asad was present at all of his disciplinary proceedings, his witness statements were considered, and evidence supported the actions taken by the disciplinary team. Finally, the district court determined that because Asad's claims did not rise to the level of federal constitutional violations, the defendants were entitled to the defense of qualified immunity. The court dismissed all of Asad's claims for which he failed to exhaust his administrative remedies and granted summary judgment on the exhausted claims. This appeal followed.

First, Asad argues that the district court erred when it dismissed Lieutenant Dupree because she was a central figure in his due process and related claims.[4] Under Fed. R. Civ. P. 4(c)(1), "the plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m)." Rule 4(m) provides that:

---

[4]In this claim, Asad highlights that he is a pro se prisoner who went to great lengths to try and serve process on Lieutenant Dupree. The Fifth Circuit has held that pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law . . . '[t]o hold that complete ignorance of Rule 4(j) [predecessor of Rule 4(m)] constitutes good cause for untimely service would allow the good cause exception to swallow the rule.'" Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988) (citations omitted). We agree with the reasoning in Kersh and apply it here.

9

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period

Fed. R. Civ. P. 4(m); see also Horenkamp v. Van Winkle and Co., Inc., 402 F.3d 1129, 1132 (11th Cir. 2005) (holding that "Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause."). "Good cause exists only when some outside factor, such as reliance on faulty advice rather than inadvertence or negligence, prevented service." Prisco v. Frank, 929 F.2d 603, 604 (11th Cir. 1991) (discussing "good cause" under former Rule 4(j)), superseded in part, as stated in Horenkamp, 402 F.2d at 1132 n.2.

The district court did not abuse its discretion by dismissing Lieutenant Dupree from the action given Asad's failure to effect proper service on Lieutenant Dupree. Notably, Asad had well over 120 days to serve Dupree, and he made no showing of any cause, let alone good cause, to excuse his failure to effect proper service. Accordingly, the district court did not err on this basis.

Next, Asad challenges the district court's dismissal of his respondeat superior claims against Secretary Moore and Superintendent Turner. It

10

is well-settled that "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of <u>respondeat</u> <u>superior</u> or vicarious liability." <u>Miller v. King</u>, 384 F.3d 1248, 1261 (11th Cir. 2004). Rather, such liability attaches under § 1983 only "when the supervisor personally participates in the alleged unconstitutional conduct <u>or</u> when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." <u>Id.</u> (emphasis added).[5]

The record reveals no evidence, or even an allegation, that Secretary Moore or Superintendent Turner personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation. On this record, the complaint was properly dismissed as to these defendants.

Asad also claims error resulting from the district court's dismissal of his access-to-courts claim against Officer Sapp. The First Amendment grants prisoners a limited constitutional right of access to the courts. <u>Bounds v. Smith</u>, 430 U.S. 817, 821, 97 S. Ct. 1491, 1494, 52 L. Ed. 2d 72 (1977). The Supreme

___

[5]"A causal connection may be established: (1) when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he [or she] fails to do so; (2) when a supervisor's custom or policy results in deliberate indifference to constitutional rights; or (3) when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." <u>Miller</u>, 384 F.3d at 1261 (internal quotations omitted).

11

Court has held that an inmate alleging lack of access to the courts, must show actual injury. See Lewis v. Casey, 518 U.S. 343, 349, 116 S. Ct. 2174, 2179, 135 L. Ed. 2d 606 (1996).[6] Here, Asad failed to allege an actual injury resulting from Sapp's alleged confiscation of legal materials. Indeed, it is clear that Asad has been able to pursue this action without any adverse consequences as evidenced by the filing of an amended complaint, a second amended complaint, and now this appeal.

As for the district court's entry of summary judgment on the remaining claims, we discern no error. Based on the following findings, the district court concluded that Asad's right to freely exercise his religious beliefs was not violated pursuant to the four-pronged test of Turner v. Safley, 482 U.S. 78, 89-91, 107 S. Ct. 2254, 2262, 96 L. Ed. 2d 64 (1987): (1) restricting or limiting Asad's activity under the stairwell, which is an unauthorized area not readily visible from the control room, was a legitimate state interest related to ensuring safety in the institution; (2) Asad was not denied all means of religious expression because he could pray in his cell, which was suitable for his prayers; (3) allowing Asad to pray under the stairwell would have detrimental effects on the security interests of the

---

[6]Wright v. Newsome, 795 F.2d 964 (11th Cir. 1986), is inapposite here. That case was decided prior to the Supreme Court's Lewis decision, which plainly requires an allegation of actual injury to state an access-to-courts claim.

institution; and (4) Asad failed to show an accommodation at de minimus cost since the officers view of an inmate under the stairwell is obstructed and other officers would be taken away from other posts to monitor such activity. Given the district court's application of the Turner factors, we are unpersuaded by Asad's argument that the court's analysis of this claim was deficient.

We also reject Asad's challenge to the district court's analysis of his due process claim, in which he asserted, inter alia, that the defendants wrote false disciplinary reports as part of a conspiracy to retaliate against him. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556, 94 S. Ct. 2963, 2975, 41 L. Ed. 2d 935 (1974). Nevertheless, a disciplinary proceeding, whose outcome will "impose[] atypical and significant hardship on the inmate" must ensure the following due process rights: (1) advance written notice of the claimed violation, (2) a written statement by the fact finders as to the evidence relied upon and the reasons for the disciplinary action taken, and (3) an opportunity to call witnesses and present documentary evidence in his defense. Id. at 563-67, 94 S. Ct. at 2978-80; Bass v. Perrin, 170 F.3d 1312, 1318 (11th Cir. 2003).

The district court found no violation of Asad's due-process rights because the record reflects that the Wolff requirements were met -- the disciplinary reports, which were attached to Asad's complaint, demonstrated that Asad was present at all of his hearings and that the witness statements he submitted were considered. Moreover, the disciplinary reports and the summary of the hearings all explained the reasons for the disciplinary action and the resolutions implemented.[7]

Based on the foregoing analysis, we affirm the district court's judgment in all respects.

**AFFIRMED.**

---

[7]After concluding that Asad's claims did not allege the violation of a constitutional right, the district court also noted that the defendants were entitled to qualified immunity. A government official who is sued under § 1983 may seek summary judgment on the ground that he is entitled to qualified immunity. Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1263 (11th Cir. 2004). To be eligible for qualified immunity, the official must first establish that he was performing a "discretionary function" at the time the alleged violation of federal law occurred. Id. at 1263-64. Once the official has established that he was engaged in a discretionary function, the plaintiff bears the burden of demonstrating that the official is not entitled to qualified immunity. Id. at 1264. In order to demonstrate that the official is not entitled to qualified immunity, the plaintiff must show two things: (1) that the defendant has committed a constitutional violation and (2) that the constitutional right the defendant violated was "clearly established" at the time he did it. Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001); Holloman, 370 F.3d at 1264. As we have discussed above, because Asad's claims do not rise to the level of federal constitutional violations, the district court did not err by holding the defendants were entitled to qualified immunity based on Asad's inability to satisfy prong (1) of the Saucier test.

14