[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-11620
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 4, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-14344-CV-JEM

MICHAEL E. ROWAN,

Plaintiff-Appellant,

versus

JAMES HARRIS, as Warden of Martin County
Correctional Institution and in his individual
capacity,
DEVERE INMAN, individually and as Assistant Warden,
Martin County Correctional Institution,
S. PARKER, individually and as Senior
Classification Officer, Martin County Correctional Institution,
S. PICKETT, individually and as Lieutenant for
Martin County Correctional Institution,
L. HARRIS, individually and as Classification
Officer for Martin County Correctional
Institution,
et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Florida

**(January 4, 2008)**

Before ANDERSON, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Michael E. Rowan, a prisoner formerly incarcerated at Martin County Correctional Institution ("MCI") in Florida, appeals the district court's dismissal of his pro se 42 U.S.C. § 1983 complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted. On appeal, Rowan first argues that the district court erred by finding that he failed to state a § 1983 retaliation claim against officials at MCI. The court, he argues, misconstrued the facts asserted in the complaint. Rowan contends that his complaint asserted that he was retaliated against for writing grievances against and/or to Officers Reed and Jones. Rowan's complaint alleged that he was retaliated against by Officers Lamore and Jones, and the other named defendants had participated in the retaliatory acts of Lamore and Jones by upholding false disciplinary reports, and by opposing, impeding, and distorting, as well as failing to investigate, acts of officer misconduct and reprisal in an effort to cover them up.

Rowan alleges that his complaint sufficiently showed a causal connection between his filing of grievances and the issuance and upholding of disciplinary reports.

United States Code, Title 28, Section 1915(e) provides, inter alia, that any in forma pauperis ("IFP")[1] action or appeal shall be dismissed at any time if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A district court's dismissal for failure to state a claim, pursuant to § 1915(e)(2)(B)(ii), is reviewed de novo, using the same standards that govern Fed.R.Civ.P. 12(b)(6) dismissals, and viewing the allegations in the complaint as true. See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). While notice pleading does not require the complainant to allege a fact to cover every element of a claim, "it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001). (quotations and citations omitted).

"First Amendment rights to free speech and to petition the government for a redress of grievances are violated when a prisoner is punished for filing a

---

[1] "[Section] 1915(e) only applies to cases in which the plaintiff is proceeding IFP." Farese v. Scherer, 342 F.3d 1223, 1228 (11th Cir. 2003). Rowan is proceeding IFP.

grievance concerning the conditions of his imprisonment." Boxer X v. Harris, 437 F.3d 1107, 1112 (11th Cir. 2006) (citing Wildberger v. Bracknell, 869 F.2d 1467, 1468 (11th Cir. 1989)); Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003) ("The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech.") (citing Thomas v. Evans, 880 F.2d 1235, 1242 (11th Cir. 1989)). A plaintiff alleging retaliation under the First Amendment "need not allege violation of a separate and distinct constitutional right[,] . . . [r]ather, the gist of a retaliation claim is that a prisoner is penalized for exercising the right of free speech." Farrow, 320 F.3d at 1248 (internal citations and quotations omitted). Under our precedent Rowan "can establish retaliation by demonstrating that the prison official's actions were the result of his having filed a grievance concerning the conditions of his imprisonment." Id.

For the reasons set out below we can assume arguendo, but need not decide that Rowan has alleged facts that support his claim of retaliation, and his complaint does set out the requisite factual elements to make out a claim for First Amendment retaliation under our precedent against some of the named defendants. Specifically, he contends that he received two punishments–a fifteen day probation for contraband and a thirty day probation for lying to the staff–that were the result of two prison officers' drive to punish Rowan for his frequent

4

grievances. His complaint alleges that based on the frequency of Rowan's grievances and the fact that at least one grievance was directed at Officer Jones specifically, both named officers who subjected him to the purported retaliation knew of his grievances and took action against him within days, and even hours, of receipt of specific grievances. Rowan may have, therefore, alleged that he has engaged in protected conduct (filed grievances), has suffered adverse consequences or punishment (two periods of probation), and that there is perhaps a causal relationship between the adverse consequences and his protected speech. On the other hand, the disciplinary charges (which Rowan claims constitute the retaliation) seem eminently reasonable under the circumstances.

Although we may disagree with the magistrate and district courts below (and thus leave open whether Rowan has raised a cognizable retaliation claim under the First Amendment), we are satisfied that the relief Rowan seeks moots his case.[2] Rowan has two equitable grounds for relief: first, he desires declaratory relief to prevent further retaliation by the named defendants; second, he seeks to have his disciplinary record, as it pertains to the two complained of incidents, expunged. Neither of these grounds for relief presents the Court with a justiciable

---

[2] Even though this standing issue was not raised by the court below, we must review our jurisdiction over appeals at all times throughout the appellate process. Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988).

issue. In the interim time pending the outcome of this case, Rowan has been transferred to another prison facility in Florida and the guards against whom he seeks equitable relief are no longer in a position to retaliate against him or fail to respond to his grievances. See Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988) (recognizing prisoner's claims concerning prison conditions are moot when prisoner transferred to another facility); Cotterall v. Paul, 755 F.2d 777, 780 (11th Cir. 1985) ("Past exposure to illegal conduct does not in itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing, present injury or real and immediate threat of repeated injury.") (quotation and citation omitted).[3] Further, as a life inmate in the Florida prison system, we fail to see how expungement of Rowan's disciplinary record creates a justiciable case or controversy.[4] See Bennett v. Hendrix, 423 F.3d 1247, 1253 (11th Cir. 2005) ("For Article III standing purposes . . . plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief. As long as the injury is distinct and

_____

[3] Rowan has alleged that for fear of retaliation at MCI he ceased to grieve in the manner he was accustomed to prior to the purported retaliation. However, other than the specific alleged incidents at MCI, Rowan provides us with no basis to find that he faces a real or immediate threat of retaliation at his present, new facility.

[4] Rowan's brief on appeal acknowledges that the "'fact or duration' of his sentence is not affected by the disciplinary reports."

6

palpable rather than abstract, conjectural, or hypothetical, it is sufficient to confer standing.") (quotations and citations omitted).

Rowan additionally seeks costs and nominal damages. It is abundantly clear on this record that his nominal damages claim will not survive a qualified immunity analysis. See Dartland v. Metro. Dade County, 866 F.2d 1321,1323 (11th Cir. 1989) (finding in analogous public employee's speech context only the "extraordinary case" will result in a finding of a clearly established constitutional violation). We are empowered in limited circumstances such as these to consider the qualified immunity question prior to deciding whether the plaintiff has demonstrated a constitutional violation. See, e.g. Ehrlich v. Town of Glastonbury, 348 F.3d 48, 57 (2d Cir 2003) (recognizing that in situations where determining the constitutional violation depends on factual issues not yet developed, court need not decide constitutional violation question before reaching qualified immunity); Dirrane v. Brookline Police Dep't, 315 F.3d 65, 69-70 (1st Cir. 2002) ("But it is an uncomfortable exercise where, as here, the answer whether there was a violation may depend on a kaleidoscope of facts not yet fully developed. It may be that Saucier was not strictly intended to cover the latter case."). Having failed to make out a claim for either injunctive or legal relief, Rowan's claims stand to be dismissed.

The judgment of the district court therefore is AFFIRMED.