[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11770
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-24064-UU


EFRAIN CLAS,

Plaintiff-Appellant,

versus

DR. A. TORRES,
Official Medical Chief; individually & his official capacity,
NURSE VASSEL,
individually & in her official capacity,  Et al.,

Defendants-Appellees.


_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(December 16, 2013)



Before JORDAN, FAY, and EDMONDSON, Circuit Judges.

PER CURIAM:

Efrain Clas, a former state prisoner proceeding *pro se*, appeals the district court's *sua sponte* dismissal of his 42 U.S.C. § 1983 complaint, alleging inadequate medical treatment in violation of the Eighth Amendment.  Clas filed the present suit against several state officials, including Drs. Torres, Castillo, Medina, Dieguez, and Nurse Vassel, of the South Florida Reception Center ("SFRC").  He sought damages and an injunction to prevent defendants from rendering further inadequate care.  From March-September 2012, Clas saw each of the defendants for intense symptoms of head pain he was experiencing.  Drs. Castillo and Dieguez prescribed him migraine medication, and Castillo also ordered an X-ray.  Nurse Vassel assisted Dr. Castillo.  During those months, Dr. Torres approved multiple medical requests; but the appointments were often cancelled or postponed.  In September, Dr. Medina ordered a CT scan, but Clas never received it because he was transferred out of SFRC the following week to another facility.

Clas filed a timely amended complaint in which he alleged that (1) he also suffered from hepatitis C; (2) the SFRC staff insisted they were monitoring his labs; and (3) they told him that was all they could do.  The district court did not consider the amended complaint prior to its *sua sponte* dismissal of the original complaint.

2

On appeal, Clas argues that the district court erred in dismissing *sua sponte* his complaint.

We review a district court's *sua sponte* dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2) *de novo*, using the same standards governing Rule 12(b)(6) dismissals:  accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff.  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997);  *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).   We are also required to raise jurisdiction issues *sua sponte*, and we review such issues *de novo*.  *United States v. Lopez*, 562 F.3d 1309, 1311 (11th Cir. 2009).

A complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  *Pro se* pleadings are liberally construed.  *Tannanbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

The Eighth Amendment forbids "cruel and unusual punishments."  U.S. Const. amend. VIII.  The Supreme Court has interpreted the Eighth Amendment to include "deliberate indifference to serious medical needs of prisoners."  *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291 (1976).  For a prisoner to state an Eighth Amendment inadequate medical treatment claim under § 1983, the allegations must show (1) an objectively serious medical need; (2) deliberate

3

indifference to that need by the defendant; and (3) causation between the indifference and the plaintiff's injury. *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009).

A "serious medical need" is one that poses a substantial risk of serious harm if left unattended, including a medical need that has been diagnosed by a physician as requiring treatment or that a lay person would easily recognize as requiring medical attention or a need where a delay in treatment worsens the condition. *Id.* at 1307.

To show deliberate indifference by a prison employee, a prisoner must establish that the employee (1) had subjective knowledge of a risk of serious harm, (2) disregarded the risk, and (3) displayed conduct beyond gross negligence. *Id.* Deliberate indifference must be more than a medical judgment call or an accidental or inadvertent failure to provide adequate medical care. *Estelle*, 429 U.S. at 105-06, 97 S.Ct. at 291-92. The question of whether additional diagnostic techniques or alternate forms of treatment should be employed constitutes "a classic example of a matter for medical judgment" and does not support an Eighth Amendment claim. *Id.* at 107, 97 S.Ct. at 293.

If a plaintiff can no longer obtain meaningful relief due to events that occurred after the plaintiff filed suit, the case is moot. *Sierra Club v. E.P.A.*, 315 F.3d 1295, 1299 (11th Cir. 2002). A moot case or claim must be dismissed

4

because mootness is jurisdictional, and a decision on the merits of a moot issue or case would constitute an impermissible advisory opinion.  *Id.*

Absent class certification, an inmate's claim for injunctive and declaratory relief under § 1983 generally becomes moot once the inmate is transferred.  *Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988).   Thus, where a prisoner has been released from custody, no case or controversy is presented because the chance of a repeated injury due to a prisoner's return to an offending facility is too speculative.  *See Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985).

Upon review of the record and consideration of Clas's brief, we affirm in part, and dismiss in part.

As an initial matter, we note that the district court should have considered the amended complaint prior to its *sua sponte* dismissal.  Nevertheless, we affirm the dismissal with respect to Clas's claim for damages because neither complaint sufficiently alleged an Eighth Amendment violation by any of the defendants.

First, accepting Clas's allegations of intense migraine-like symptoms as demonstrative of a serious medical need, he nonetheless failed to establish deliberate indifference to that need because he admitted receiving medical attention for his symptoms.  The attention was significant.  Dr. Torres granted all of Clas's medical attention requests;  Dr. Castillo prescribed him medication for his symptoms and ordered an X-ray;  Nurse Vassel assisted Dr. Castillo;  Dr.

Dieguez also prescribed him medication for his headaches; and Dr. Medina ordered a CT scan, though it was never rendered due to Clas's transfer. There might have been some delays but nothing amounting to a constitutional violation. Although Clas felt these responses were inappropriate or inadequate, a doctor's choice of treatment and testing is a matter of medical judgment and does not state an Eighth Amendment deliberate indifference claim. *See Estelle,* 429 U.S. at 107, 97 S.Ct. at 293. Second, although Clas also alleged that he had hepatitis C, he abandoned any argument concerning the treatment of that condition on appeal. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). Besides, a claim based on his hepatitis C fails on the merits because he failed to show the defendants were deliberately indifferent to, or that some defendants were even aware of, the condition. In fact, he admitted that the SFRC monitored his hepatitis C; and he did not allege that his lab results were abnormal or demonstrated a need for treatment. Nor did he allege that his migraines were connected to the condition.

Based on the above considerations, we affirm the district court's dismissal of Clas's complaint with respect to his claim for monetary relief.

We also note that Clas has a pending habeas petition before our Court and that the record from that appeal shows that he was released altogether from custody in August 2013 due to the expiration of his sentence. (*See* Ct. App. Case No. 13-11771, Doc. 11 at 3, Exh. A). Given the release from custody, we dismiss Clas's

6

claim for injunctive relief as moot.  *See Cotterall*, 755 F.2d at 780;  *Sierra Club*,

315 F.3d at 1299.

**AFFIRMED IN PART, DISMISSED IN PART.**