[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10749
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-00149-RSB


ANTHONY DAVILA,

Plaintiff-Appellant,

versus

SHERIFF LOGAN MARSHALL,
CHRISTOPHER DURDEN,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(May 20, 2016)

Before ED CARNES, Chief Judge, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Anthony Davila filed a complaint against Sheriff Logan Marshall and Captain Christopher Durden, who are administrators of the McDuffie County Detention Center, where Davila was incarcerated pending his federal retrial. He alleged that they violated his rights by denying him access to certain religious items required for his practice of Santeria. The district court[1] denied his motions for a default judgment and preliminary injunctive relief and granted summary judgment to Marshall and Durden. Davila appeals those orders.

## I.

Davila was incarcerated at the McDuffie County Detention Center from May 2012 to March 2014. In October 2012 he filed a complaint under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc-1 et seq., against Marshall and Durden. He alleged that, while they provided Christian and Muslim inmates their personal religious items, they denied him access to a Spanish language Santeria bible and a set of five Santeria bead necklaces that his religion required him to wear at almost all times. Of relevance to this appeal, he asserted that their actions violated the Free Exercise Clause of the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, and RLUIPA. He sought injunctive relief, nominal damages for the

---

[1] For most of the proceedings, a magistrate judge issued reports and recommendations that the district court adopted, pursuant to Federal Rule of Civil Procedure 72(b). The parties later consented to have the magistrate judge conduct the remaining pretrial matters, pursuant to 28 U.S.C. § 636(c).

constitutional claims, and monetary damages for the RLUIPA claim against the defendants in their individual capacities.[2]

Almost two months after the expiration of their time to respond to Davila's complaint, Marshall and Durden filed a motion to dismiss. Davila moved for entry of a default judgment on the basis that the motion to dismiss was untimely. The district court denied Davila's motion for a default judgment. It granted in part and denied in part Marshall and Durden's motion to dismiss. It dismissed Davila's claim for monetary damages under RLUIPA, but permitted the request for injunctive relief to proceed, along with Davila's claims for nominal damages based on the alleged First and Fourteenth Amendment violations.

Davila also moved for a preliminary injunction to prevent Marshall and Durden from withholding his bible and Santeria bead necklaces. In response, Marshall and Durden argued that they had provided him with his bible and one of the five requested bead necklaces. The district court denied the motion for a preliminary injunction, finding that Davila had not shown a substantial likelihood of success on the merits of his claims. Shortly after the district court entered that order, Davila notified the court that he had been transferred to the Federal Correctional Institution in Jesup, Georgia.

---

[2] Davila also asserted official capacity claims and sought other forms of monetary damages, but he does not challenge the dismissal of those claims in this appeal.

3

Marshall and Durden moved for summary judgment on all of Davila's remaining claims. The district court granted the motion. First, it dismissed as moot Davila's request for injunctive relief because of his transfer to FCI Jesup, while noting that he had not shown that RLUIPA actually applied because there was no evidence that the Detention Center received federal funding. Next, the court determined that Marshall and Durden were entitled to qualified immunity with respect to Davila's free exercise claim. Finally, the court concluded that Davila had not presented any evidence supporting his equal protection claim. It entered judgment in favor of the defendants.

## II.

Davila challenges the district court's denial of his motion for preliminary injunctive relief, arguing that he showed a substantial likelihood of success on the merits. He has been transferred to FCI Jesup, however, and a prisoner's request for injunctive relief relating to the conditions of his confinement becomes moot when he is transferred. Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988). Davila has not argued that any exception to the mootness doctrine applies. We will dismiss as moot the portion of his appeal challenging the denial of his motion for preliminary injunctive relief.

**III.**

Davila contends that the district court abused its discretion by denying his motion for a default judgment because Marshall and Durden filed their motion to dismiss after the expiration of their time to respond to his complaint. He is correct that the motion to dismiss was late, but not that its lateness warranted entry of a default judgment.

We review only for abuse of discretion the denial of a motion for a default judgment. Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1316 (11th Cir. 2002). When a party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Parties must file responsive pleadings within 21 days after being served, and a motion to dismiss must be filed before any responsive pleadings.[3] Fed. R. Civ. P. 12(a)(1), (b). But "[e]ntry of judgment by default is a drastic remedy which should be used only in extreme situations . . . . [W]e must respect the usual preference that cases be heard on the merits rather than resorting to sanctions that deprive a litigant of his day in court." Mitchell, 294 F.3d at 1316–17 (quoting Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985)).

---

[3] Officers and employees of the United States have 60 days to respond. Fed. R. Civ. P. 12(a)(2)–(3). But Marshall and Durden are not officers or employees of the United States, so the 21-day deadline applies to them.

Davila served his complaint on Marshall and Durden on January 24, 2013. See Fed. R. Civ. P. 5(b)(2)(C). Their time to respond expired on February 18, 2013. See Fed. R. Civ. P. 6(a)(1), (d). They filed their motion to dismiss 56 days later, on April 16, 2013. Eight days after that, Davila moved for entry of default. Despite Marshall and Durden's late filing, this is not an "extreme situation[ ]" that warrants "resorting to sanctions that deprive a litigant of his day in court," Mitchell, 294 F.3d at 1316–17, especially given that they filed their motion to dismiss before Davila moved for a default judgment, see McCorstin v. U.S. Dep't of Labor, 630 F.2d 242, 243–44 (5th Cir. 1980) (holding that the plaintiff was not entitled to a default judgment because even though the defendant's answer was late, it was filed before the plaintiff moved for a default judgment). The district court did not abuse its discretion in denying Davila's motion for a default judgment.

**IV.**

Davila contends that the district court erred in concluding that the Detention Center was not subject to RLUIPA because it did not receive federal funds. We do not need to reach that issue, however, because the district court gave an independently adequate alternative ground for dismissing Davila's RLUIPA claim. With respect to his request for monetary damages, the district court correctly found that RLUIPA does not authorize claims for monetary damages against prison

officials in their individual capacities.  See Smith v. Allen, 502 F.3d 1255, 1275 (11th Cir. 2007), abrogated in part on other grounds by Sossamon v. Texas, 563 U.S. 277, 131 S. Ct 1651 (2011).  And the district court properly dismissed as moot Davila's request for injunctive relief under RLUIPA because he had been transferred to another prison.  See Spears, 846 F.2d at 1328.  We will affirm the district court's dismissal of Davila's request for monetary damages and injunctive relief under RLUIPA.

## V.

Davila contends that the district court erred in finding that Marshall and Durden were entitled to qualified immunity with respect to his free exercise claim. He argues that their delay in giving him his bible and their decision to give him only one of his five Santeria bead necklaces did not pass the test for a prison rule that restricts the free exercise of a sincerely held religious belief, and accordingly they violated his clearly established right to freely exercise his faith.

We review de novo the district court's grant of summary judgment based on qualified immunity and resolve all issues of material fact in the light most favorable to the plaintiff.  McCullough v. Antolini, 559 F.3d 1201, 1202 (11th Cir. 2009).  Summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

There are no genuine disputes of material fact in this case.  All the parties agree that in 2012, Davila received in the mail a package containing a Spanish language Santeria bible and five Santeria bead necklaces.  The officer delivering the mail informed Davila of the delivery but did not give him the bible or the bead necklaces.  After Davila filed this lawsuit, Durden reviewed the bible, which he could not read, as he does not understand Spanish.  He then met with Davila and gave it to him.  Durden also gave Davila one of the five bead necklaces, but withheld the remaining four.

The district court did not err in concluding that Marshall and Durden were entitled to qualified immunity.  "Qualified immunity offers complete protection for government officials sued in their individual capacities as long as their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known." Lee v. Ferraro, 284 F.3d 1188, 1193–94 (11th Cir. 2002) (quotation marks omitted).  To be entitled to qualified immunity, the official must "first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." Id. at 1194 (quotation marks omitted).  Once the official has made that showing, the burden shifts to the plaintiff to establish:  "(1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." Ashcroft v. al-Kidd, 563 U.S. 731, __, 131 S. Ct. 2074, 2080

8

(2011) (quotation marks omitted).  Courts may address those questions in either order.  Id.

Davila argues that Marshall and Durden were not acting within their discretionary authority because they did not have the authority to persecute him for his faith.  That argument evidences Davila's misunderstanding of the term discretionary authority.  "[T]he inquiry is not whether it was within the defendant's authority to commit the allegedly illegal act.  Framed that way, the inquiry is no more than an untenable tautology."  Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1266 (11th Cir. 2004) (quotation marks omitted).  Instead, "we look to the general nature of the defendant's action, temporarily putting aside the fact that it may have been committed for an unconstitutional purpose, in an unconstitutional manner, to an unconstitutional extent, or under constitutionally inappropriate circumstances."  Id.  Viewed in that light, it is clear that Marshall and Durden, both administrators of the Detention Center, satisfied their burden of showing that they were acting within their discretionary authority when they made decisions about Davila's access to his religious items.

The burden therefore shifts to Davila to show that Marshall and Durden violated a statutory or constitutional right and that the right was clearly established at the time of their conduct.  See al-Kidd, 563 U.S. at __, 131 S. Ct. at 2080.  A right is clearly established if "existing precedent . . . placed the statutory or

9

constitutional question beyond debate." Id. at __, 131 S. Ct. at 2083. Davila has not met that burden. He argues that his right to freely exercise his religion has been clearly established since the Supreme Court decided Cruz v. Beto, 405 U.S. 319, 92 S. Ct. 1079 (1972) and Church of Lukumi Babalu Aye v. City of Hialeah, 508 U.S. 520, 113 S. Ct. 2217 (1993). But neither of those opinions relate to a prisoner's right to immediately access religious materials written in another language or to possess potentially dangerous religious jewelry. See City of Hialeah, 508 U.S. at 525–28, 546–47, 113 S. Ct. at 2223–24, 2233–34 (holding that a law targeting the use of animal sacrifice in order to prevent the construction of a Santerian church violated the Free Exercise Clause); Cruz, 405 U.S. at 319–22, 92 S. Ct. at 1080–82 (holding that a Buddhist prisoner stated a claim under the First and Fourteenth Amendments when he alleged that he was placed in solitary confinement for proselytizing, while inmates of other religions were encouraged to participate in religious programs).

While a case need not be "on all fours, with materially identical facts" in order to preclude qualified immunity, it does need to give the officials "reasonable warning that the conduct at issue violated constitutional rights." Holloman ex rel. Holloman, 370 F.3d at 1277 (quotation marks omitted). Neither City of Hialeah nor Cruz did that. And Davila has not pointed to any other precedent that clearly established that prison officials were required to hand over his Spanish language

10

bible without delay, or that they were compelled to provide him his other four bead necklaces.  He has therefore not met his burden of showing that Marshall and Durden were not entitled to qualified immunity.  The district court did not err in granting Marshall and Durden summary judgment based on qualified immunity with respect to Davila's First Amendment claim.

## VI.

Finally, Davila contends that the district court erred in granting Marshall and Durden summary judgment on his equal protection claim because he created a genuine issue of material fact by asserting that they denied him access to his religious items while giving religious items to inmates of other religions.  A bare assertion, without more, is simply not enough to defeat a motion for summary judgment.  Ellis v. England, 432 F.3d 1321, 1326 (11th Cir. 2005) ("[M]ere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion.") (quotation marks omitted).  Davila presented no evidence supporting his allegation that inmates of other religions were given access to religious items similar to the ones that he was denied.  The district court therefore did not err in granting summary judgment to Marshall and Durden on Davila's equal protection claim.

## VII.

We DISMISS AS MOOT the portion of Davila's appeal that challenges the denial of his motion for a preliminary injunction. We AFFIRM the district court's dismissal of his RLUIPA claim and the district court's grant of summary judgment to the defendants on his free exercise and equal protection claims.[4]

---

[4] Marshall and Durden also urge us to affirm on the alternative basis that Davila failed to exhaust his administrative remedies, even though the district court found that there was a genuine question of material fact about whether Davila was able to exhaust. We need not decide that issue because the district court correctly granted Marshall and Durden summary judgment.