FINO RT HTEH EU NMIITDEDDL SET DAITSTERS IDCITS TORFI CATL ACBOAUMRTA 
 NORTHERN DIVISION 

JAVONTA C. KELLY, #301223, ) 
 ) 
 Plaintiff, ) 
 ) 
v. ) CASE NO. 2:19-CV-622-WKW 
 ) [WO] 
SGT. LEWIS, et al., ) 
 ) 
 Defendants. ) 

 ORDER 

Javonta C. Kelly, an indigent state inmate incarcerated with the Alabama 
Department of Corrections, initiated this 42 U.S.C. § 1983 action on August 29, 
2019. Mr. Kelly alleges a violation of his civil rights during his prior incarceration 
at Kilby Correctional Facility. He contends that correctional officers used excessive 
force against him on two separate occasions in July 2019 and that the medical 
treatment he received for a seizure disorder during his confinement at Kilby was 
unconstitutional. Alongside his request for a temporary restraining order, which was 
denied (Doc. # 3), Mr. Kelly’s original complaint includes a general request for a 
preliminary injunction. 
Mr. Kelly recently notified the court that he has been transferred from Kilby 
to Limestone Correctional Facility. (Doc. # 59.) “[A] prisoner’s request for 
injunctive relief relating to the conditions of his confinement becomes moot when 
he is transferred.” Davila v. Marshall, 649 F. App’x 977, 979 (11th Cir. 2016) 
(citing Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988)). Because Mr. Kelly 
is not incarcerated at Kilby, he is no longer subject to the alleged unconstitutional 
conditions and treatment at Kilby for which he seeks preliminary injunctive relief. 
Accordingly, his motion for a preliminary injunction is moot. However, even if his 

motion were not moot, Mr. Kelly would not be entitled to a preliminary injunction. 
Because his request lacks any specificity, he fails to satisfy his burden for obtaining 
the “extraordinary and drastic remedy” of a preliminary injunction. McDonald’s 

Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citation and internal 
quotation marks omitted); see also Palmer v. Braun, 287 F.3d 1325, 1329 (11th Cir. 
2002) (setting out the four elements a movant must demonstrate to be entitled to a 
preliminary injunction). 

Based on the foregoing, it is ORDERED as follows: 
(1) Mr. Kelly’s motion for a preliminary injunction (Doc. # 1) is DENIED 
as moot; and 

(2) This action is REFERRED back to the Magistrate Judge for additional 
proceedings. 
DONE this 26th day of March, 2020. 
 /s/ W. Keith Watkins 
 UNITED STATES DISTRICT JUDGE