**George LYONS, Petitioner,**

v.

**TRINITY SERVICES GROUP, INC., Daisy Serrano, Dura Durado, Sonia Osso, and John Doe, Defendants.**

**No. 02–23142CIV.**

United States District Court, S.D. Florida.

Aug. 16, 2005.

George Lyons, Miami, FL, Pro se.

Spencer Hal Silverglate, Clarke Silverglate Williams & Montgomery, Miami, FL, Stephen A. Hould, Neptune Beach, FL, for Trinity Services Group, Inc., Daisy Serrano, Dura Durado, Sonia Osso, John Doe, Defendants.

### ORDER GRANTING SUMMARY JUDGMENT AND DISMISSING THIS CASE FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

UNGARO–BENAGES, District Judge.

THIS CAUSE is before the Court upon Defendants Daisy Serrano's, Dura Jura-

do's and Sonia Osso's Motion for Summary Judgment ("Motion"), filed June 30, 2005. [DE # 98] Plaintiff George Lyons has filed a response ("Response").[1] [DE # 99]

THE COURT has considered the Motion, the pertinent portions of the record, and is otherwise fully advised in the premises. The matter is ripe for disposition.

The only issue addressed by the Motion is whether Plaintiff exhausted his administrative remedies, as mandated by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C § 1997e(a) before filing his lawsuit. The Court finds, for reasons set forth *infra*, that even though allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam), the complaint should be dismissed pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies.

## I. Legal Standard

A party is entitled to judgment as a matter of law when the party can show that there is no genuine issue of material fact. Fed.R.Civ.P. 56(c). The substantive law applicable to the case determines which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of

proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party bears the burden of proving that no genuine issue of material fact exists. *Id.* at 323, 106 S.Ct. 2548. In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505. However, the opposing party must show more than the existence of a "metaphysical doubt" regarding the material facts, *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corporation*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), and a "scintilla" of evidence is insufficient. There must be such evidence that a jury could reasonably return a verdict for the party bearing the burden of proof. *Anderson*, 477 U.S. at 251, 106 S.Ct. 2505.

## II. Factual Background

On October 25, 2002, Plaintiff filed a § 1983 complaint raising claims of denial of equal protection and retaliation. Complaint, at 5. [DE # 1] In his Complaint, Plaintiff states that while housed at Everglades Correctional Institution ("ECI"), he was assigned to work in the kitchen from September 2001 until terminated from his assignment on October 16, 2002. Plaintiff claims he was illegally terminated from his kitchen assignment on account of his race

1. The Court will not consider Plaintiff's Motion Requesting the Court to Order the Department of Corrections to Provide Plaintiff With the Investigative Reports on Mrs. Serrano and Reports on Everglades C.I. Mailroom from the Years of 2000 to 2005, filed August 5, 2005. [DE # 102] The Court finds that Plaintiff's Motion is irrelevant to the central issue of this summary judgment which is whether Plaintiff exhausted his administrative remedies. Furthermore, Plaintiff was informed that he could subpoena documents according to procedures set by the Federal Rules of Civil Procedure and that upon his request the clerk of the Court would mail him any necessary number of subpoena forms in blank. *See* Omnibus Order [DE # 85] Plaintiff does not argue that he requested any form nor that he subpoenaed any documents.

and as retaliation for his complaints that he had suffered discrimination. *Id.*

Defendants are three employees of Trinity Services Inc., the corporation contracted by the State of Florida to run the food service department and kitchen at ECI. Trinity Services was dismissed as a party.[2] Defendants do not contest that Plaintiff was assigned to work in ECI's kitchen but dispute Plaintiff's allegations as to the cause of his dismissal. Defendants argue that Plaintiff was terminated because of non-discriminatory reasons. *See* Defendants's Motion to Dismiss, at 4.

The issue now before the Court is whether Plaintiff exhausted his administrative remedies as mandated by § 1997e(a) before bringing this lawsuit. Defendants argue that taking Plaintiff's allegations as true and drawing all positive inferences in Plaintiff's favor, the Court should dismiss Plaintiff's Complaint because there are no material issues of fact in dispute as to his failure to exhaust the administrative remedies set forth in Fla. Admin. Code. §§ 33–103.001 to –103.019. *See* Motion, at 4–7.

Plaintiff responds that "he tried to the best of his capability to exhaust his remedies."[3] Response, at 3. In support of his contention, Plaintiff has submitted his affidavit and the Court's file contains copies of documents that purport to be formal and informal grievances.

### III. Analysis

Title 42 U.S.C. § 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

■ The PLRA's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). This provision mandates strict exhaustion, "irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner,* 532 U.S. 731, 741 n. 6, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). Congress intended to afford prison officials time to address grievances internally before allowing a prisoner to initiate a federal lawsuit. *See Porter,* 534 U.S. at 525, 122 S.Ct. 983. Thus, whatever the precise contours of what exhaustion requires, it plainly is procedural requirement:

> While the modifier "available" requires the possibility of some relief for the action complained of ... the word "exhausted" has a decidedly procedural emphasis. It makes sense only in referring to the procedural means, not the particular relief ordered.... [O]ne "exhausts" processes, not forms of relief, and the statute provides that one must.

*Booth,* 532 U.S. at 738–39, 121 S.Ct. 1819. "In other words, the modifier 'available' in the PLRA means that inmates must exhaust administrative remedies so long as there is the possibility of at least some kind of relief." *Ross v. County of Bernal-*

---

2. *See* Magistrate Judge's Report and Recommendation and Order Affirming Magistrate Judge's Report and Recommendation. [DE # 6, 11]

3. The Court notes that Defendant has not complied with Rule 7.5B of the S.D. Fla. L.R.

providing that: "The papers opposing a motion for summary judgment shall include a memorandum of law, necessary affidavits, and a single concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried." S.D. Fla. L.R. 7.5B.

*illo,* 365 F.3d 1181, 1187 (10th Cir.2004). Section 1997e(a) requires the exhaustion of administrative remedies before a case may be brought, rather than before it may be decided. 42 U.S.C. § 1997e(a). "Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statute makes exhaustion a precondition to suit." *Perez v. Wisconsin Dep't of Corr.,* 182 F.3d 532, 534–35 (7th Cir.1999).

In *Higginbottom v. Carter,* 223 F.3d 1259, 1261 (11th Cir.2000) (per curiam), the Eleventh Circuit wrote that "[t]he plain language of the statute makes exhaustion a precondition to filing an action in federal court." *See also Brown v. Sikes,* 212 F.3d 1205, 1207 (11th Cir.2000) (holding that "when a state provides a grievance procedure for its prisoners, [as Florida] does in this case, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit.") The Eleventh Circuit has articulated seven policy reasons for favoring an exhaustion requirement:

(1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources, since the complaining party may be successful in vindicating rights in the administrative process and the courts may never have to intervene; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures.

*Alexander v. Hawk,* 159 F.3d 1321, 1327 (11th Cir.1998) (internal quotations omitted).

Pursuant to Fla. Stat. § 944.09, the Florida legislature delegated to the Department of Corrections ("DOC") the duty to establish inmate grievance procedures.[4] The DOC has established such grievance procedures. *See generally,* Fla. Admin. Code Ch. 33–103 *et seq.* The grievance procedures were approved by the United States Department of Justice in March, 1992. *See,* Fla. Admin. Code R. 33–103.001. The procedure consists of a three-step process.[5] *See* Rule 33–103.011 F.A.C. First, prisoners may file an informal grievance "to the staff member who is responsible in the particular area of the problem, the classification team, the appropriate section head, or other institutional staff." Fla. Admin.Code R. 33–103.005(1). Second, if the inmate seeks review of an answer to an informal grievance, he is required to file a formal grievance directed to the warden or deputy warden of the institution in which the inmate is housed.

---

**4.** Fla. Stat. § 944.09(1)(d) mandates that "[t]he [DOC] has authority to adopt rules ... to implement its statutory authority. The rules must include rules relating to ... grievance procedures which shall conform to 42 U.S.C. s.1997e." Also, Fla. Stat. § 944.331 indicates that "[t]he [DOC] shall establish by rule an inmate grievance procedure that must conform to the Minimum Standards for Inmate Grievance Procedures as promulgated by the United States Department of Justice pursuant to 42 U.S.C. § 1997e. The department's office of general counsel shall oversee the grievance procedures established by the department."

**5.** There is an exception for "emergency grievances." The regulations define 'emergency' as "[matters which] would subject the inmate to substantial risk or personal injury or cause other serious and irreparable harm to the inmate." *See* Fla. Admin. Code R. 33–103.002(5). Plaintiff does not invoke this exception.

*See,* Fla. Admin. Code R. 33–103.006. Finally, the inmate can obtain review of an institutional-level grievance by filing an appeal with the Office of the Secretary, Florida Department of Corrections. *See,* Fla. Admin. Code R. 33–103.007.

 The Office of the Secretary has designated the Bureau of Inmate Grievance Appeals ("BIGA") to receive, review, and respond to appeals filed with the Secretary. *See,* Fla. Admin. Code R. 33–103.007(4). A Florida inmate's administrative remedies are not exhausted until his grievance has finally been appealed to, and denied by, the Secretary of the Florida Department of Corrections. *See Brown v. Sikes,* 212 F.3d at 1208 (stating that an inmate alleging harm must exhaust all "available" administrative remedies). Also, a prisoner must exhaust his remedies as to all claims arising from his confinement, including equal protection, and other constitutional claims. *See Curry v. Scott,* 249 F.3d 493, 503–04 (6th Cir.2001).

 In applying these procedures to Plaintiff's grievances the Court first notes that Plaintiff's Complaint raises two claims: denial of equal protection and retaliatory dismissal. As to the latter. Plaintiff states that he was dismissed from his food service employment on October 16, 2002 and but he filed his lawsuit on October 25, 2002. Thus, Plaintiff's claim of retaliation is based upon his dismissal[6] nine days before he filed the instant lawsuit. Plaintiff does not argue that he sub-

mitted any grievance whatsoever pertaining to his claim of retaliation before the commencement of this action. Therefore, the Court finds that his claim of retaliation is unexhausted.

 As to the equal protection claim, Plaintiff has not shown that he filed an appeal that was denied by the Secretary of the Florida Department of Corrections in accordance with Fla. Admin. Code R. 33–103.007. According to Plaintiff, before he filed the instant action he submitted, on August 28, 2002, a grievance to the DOC's Secretary. Plaintiff argues in his Response to the Motion that "proof that I filed said grievance [is that I] had inmate Robert Kleckley sign[ed] and date[d] it to verify that the Plaintiff did in fact mail[ed] it in." Response, at 5. However, the documents to which Plaintiff refers does not state or contain any entries reflecting either that it was mailed or submitted to the prison staff in charge of receiving grievances. Similarly, in his affidavit Plaintiff makes no reference to having mailed or otherwise submitted the grievance. Thus, Plaintiff has left the Court only with the unsubstantiated argument that he had Kleckley sign and date the grievance to "verify" that it was mailed.[7]

Defendants, in contrast, have filed an affidavit of Katherine Shepherd, the records custodian for all appeals filed pursuant to Fla. Admin. Code R. 33–103.007. *See* Notice of Proffer, Ex. B [DE # 92] The affiant states that she has

---

6. Plaintiff states in his Complaint that "because I complained and wrote this up [his grievances] I was taken out of food service. You have no rights in this kitchen unless you are spanish, that is not fair." Complaint at 9.

7. Plaintiff avers that he submitted several formal and informal grievances to the DOC. There is also a dispute about the authenticity of one of the grievances filed in the instant case. The Court does not address those grievances nor the authenticity dispute because

both of them are irrelevant to the procedural posture of the case. Florida law mandates that an inmate's administrative remedies are not exhausted until his grievance has finally been appealed to, and denied by, the Secretary of the Florida Department of Corrections. Plaintiff contends that before filing his lawsuit he submitted to the Secretary of the Florida Department of Corrections the August 28, 2002 grievance. This is the only relevant formal grievance at this stage of the litigation.

diligently searched the records of [inmates' appeals] for any appeal filed by [Plaintiff], at any time and that search revealed a total of fifty five (55) appeals have been filed by [Plaintiff]. I have further diligently searched [inmates appeals']records for any appeals filed by [Plaintiff] specifically during the period beginning July 28, 2002 through December 11, 2002, and I certify that there is no record of any appeals to the Department of Corrections having been filed by [Plaintiff] during that period of time. *Id.* at 1–2. Furthermore, the affiant states that the August 28, 2002, grievance that Plaintiff purportedly submitted to the Secretary of the DOC is not "contained in the records of [Plaintiff] kept and maintained by the Bureau of Inmate Grievance Appeals." *Id.* at 2.

Neither in his Response nor in his Reply to Defendants' Motion, has Plaintiff addressed the substance of Katherine Shepherd's affidavit,[8] nor given any explanation as to how he submitted the August 28, 2002, grievance. Plaintiff stance on this issue is simply to state that he "did exactly what [Plaintiff] was supposed to do pertaining to the grievance procedure, every step which is required." Pl.'s Reply to Defs.'s Reply Memorandum in Support of Defs.'s Motion for Summary Judgment [DE # 101] Plaintiff also posits that "they tried every conceivable way possible to roadblock my grievance process, when it was realized Plaintiff was serious with this complaint." Pl.'s Response, at 3. This assertion lacks evidentiary value because Plaintiff does not identify who 'they' are nor does he specify what were the 'roadblocks' that he encountered. In any case,

Plaintiff's argument is unavailing because the Eleventh Circuit has held that "Congress specifically mandated administrative exhaustion [and] there is no futility exception." *Alexander,* 159 F.3d at 1323. Additionally, in this Circuit "available administrative remedies" does not mean that the administrative remedies must be adequate, just that the exhaustion process is available and that the inmate must exhaust it. *See, id.* at 1326.

The Court has reviewed the procedures set forth in Fla. Admin. Code R. 33–103.007 which govern the filing of grievances with the DOC's Secretary. That regulation provides that upon submitting a grievance, "a receipt shall be provided to the inmate." Fla. Admin.Code R. 33–103.007(5)(b). As to the mailing procedures, the regulations mandate that all Florida Department of Corrections facilities shall: (1) have an office through which grievances shall be processed; (2) establish a logging and tracking system to record and document receipt and mailing of inmate grievances; (3) assign the grievance a log/tracking number; (4) provide the inmate with a copy of the receipt in which the log/tracking number shall be stated; and (5) the officer assigned to receive the grievances shall mail it within one workday. *See,* Fla. Admin. Code R. 33–103.006(8)(a)(b)(c) and (1)(2). Alternatively, the inmate can "mail the grievance to the central office [of the Secretary of the DOC] in a sealed envelope to be placed in the institutional bulk mail that is to be mailed daily to central office."[9] Fla. Admin.Code R. 33–103.006(8)(e).

---

**8.** The only Plaintiff's reference to Katherine Shephard's Affidavit is contained in Plaintiff's Affidavit, filed with his response to Defendant's Motion for summary Judgment. There, "Plaintiff contests that the sworn affidavit by Katherine Shpephard is without merit, because she cannot swear under oath or

testify to what is going on at ECI when she sits behind a desk all day in Tallahassee not Miami Fla." Pl.'s Response, Affidavit of George Lyons, § 5, at 2. [DE # 99]

**9.** Plaintiff does not contend that he used this procedure.

Plaintiff seems to be familiar with the process to file grievances because, according to the affidavit of Katherine Shepherd cited above, BIGA has copies of fifty five grievances that Plaintiff submitted to the Office of the Secretary of the DOC. However, BIGA has no copy of the August 28, 2002 grievance that Plaintiff claims he filed. In the instant case, the copy of the August 28.2002, grievance that Plaintiff claims that he filed is not accompanied by any seal or DOC's acknowledgment of receipt. Additionally, Plaintiff does not state in his affidavit that he submitted his grievance at the ECI's office designate to receive it, that his grievance was assigned any log/tracking number that registered its submission or that he mailed the grievance to the DOC in a sealed envelope to be placed in the institutional bulk mail that is mailed daily to the central office. *See,* Fla. Admin. Code R. 33–103.006(8)(a)(b)(c) and (e). Furthermore, Plaintiff filed the instant complaint almost three years ago and the Court has repeatedly asked him to provide proof that he has exhausted his administrative remedies. Aside from his own conclusory statements, Plaintiff has produced no evidence whatsoever to support his claim that he has exhausted administrative remedies.[10] Moreover, Plaintiff has never argued that he followed the procedures to file grievances set forth in Regulation 33–103.006.

It is well settled that in § 1983 actions, the prisoner carries the burden of demonstrating that he has exhausted administrative remedies. *See Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998)

(holding that unless the record demonstrates that exhaustion requirements have been satisfied, actions should be dismissed without prejudice.) The Sixth Circuit, in *Hartsfield v. Vidor,* 199 F.3d 305 (6th Cir. 1999) analyzed the complaint of a Michigan prisoner, Napoleon Hartsfield, that filed a § 1983 lawsuit against five defendants and claimed that he had exhausted administrative remedies. *Id.* at 306. The court requested Hartsfield to prove that he had exhausted his administrative remedies as to every defendant pursuant to Michigan prison grievance procedures.[11] *Id.* at 307. Hartsfield stated that he had filed grievances as to all defendants. The state informed Hartsfield that there was no record of his grievance against two defendants. Hartsfield replied that he did his best to follow the process of exhaustion. *Id.* at 309. He was instructed to provide the receipt for the mailing of his grievances. *Id.* Hartsfield did not produce the receipt nor other evidence aside his own statement and, consequently, his claims against the two defendants were dismissed for failure to exhaust administrative remedies. *Id.*

While similar, *Hartsfield* is not hand-in glove because there the plaintiff could demonstrate that he exhausted his remedies as to some defendants and therefore he could not argue futility. *Hartsfield,* however, is still important for its remainder that the United States Supreme Court has entirely eliminated judicial discretion and instead mandates strict exhaustion. *See, Booth,* 532 U.S. at 741 n. 6, 121 S.Ct. 1819. In the present case, as in *Hartsfield,*

10. The Court has also carefully reviewed the record of this case. The Court ordered Plaintiff twice to explain in detail what grievances he had submitted. Plaintiff answered the Court's orders in his Notice Regarding Exhaustion of Administrative remedies, [DE # 31] and his Brief of Grievance Process, [DE # 94] The Court has found that none of these documents contains any evidence to support

Plaintiff conclusory statement that he filed an appeal of his grievance to, and it was denied by, the Secretary of the Florida Department of Corrections in accordance with Fla. Admin. Code R. 33–103.007.

11. *See* Michigan Dep't. of Corrections, Policy Directive 03.02.130.

Plaintiff has failed to demonstrate that he has exhausted his administrative remedies pursuant to Fla. Admin. Code R. §§ 33–103.001 to—103.019, as mandated by 42 U.S.C. § 1997e(a). Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendants' Motion for Summary Judgment is GRANTED. It is further,

ORDERED AND ADJUDGED that Plaintiff's Complaint is DISMISSED without prejudice. It is also,

ORDERED AND ADJUDGED that any other pending motion is DISMISSED as moot.