Stanley JORDAN, Plaintiff,

v.

MIAMI–DADE COUNTY,
et al., Defendants.

No. 05–22203 CIV KING.

United States District Court,
S.D. Florida,
Miami Division.

July 13, 2006.

Stanley Jordan, Miami, FL, Pro se Plaintiff.

Eduardo Ignacio Sanchez, Dade County Attorney's Office, Miami, FL, Counsel for Defendants.

## ORDER REJECTING REPORT AND RECOMMENDATIONS AND GRANTING DEFENDANTS' JOINT MOTION TO DISMISS COMPLAINT

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before the Court upon the May 16, 2006 Report and Recom-

mendation (DE # 66) of Magistrate Judge Patrick A. White recommending Defendants' Joint Motion to Dismiss Plaintiff's Operative Complaint [1] be denied.[2]

# I. BACKGROUND

On August 9,2005, Plaintiff, Stanley Jordan, filed a *pro se* 42 U.S.C. § 1983 Civil Rights Claim concerning the alleged conditions and events that occurred at the Miami–Dade Pretrial Detention Center against Defendants Ulysses Morris, Charles Gibbs, Irvin Witherspoon, and Princeton Chery. Plaintiff alleges that the conditions at the Pretrial Detention Center unconstitutionally infringed upon his First Amendment right to freely exercise his religion.

While detained in October 2003, Plaintiff allegedly requested that Defendants Chery, Gibbs, and Witherspoon accommodate for his religious dietary needs for the month of Ramadan. Defendants denied Plaintiff's request for religious meal accommodation. Moreover, in October 2003, Plaintiff wrote a letter to the Chaplaincy Services Bureau and Defendants Chery, Gibbs, Witherspoon, and Morris requesting religious accommodation for the observance of Jumu'ah, which was also subsequently denied. Consequently, Plaintiff was unable to observe Ramadan because his religious dietary needs with regard to fasting were not accommodated and Jumu'ah according to his religious practices because Friday services were not provided for the duration of Plaintiff's incarceration at the Pretrial Detention Center. Plaintiff seeks monetary damages for the mental and emotional distress resulting from these conditions at the Pretrial Detention Center.

## A. Defendants' Motion to Dismiss

Defendants moved to Dismiss Plaintiff's Operative Complaint on the grounds that Plaintiff has (1) failed to exhaust administrate remedies as required by the exhaustion provision of the Prison Litigation Reform Act of 1995 (PLRA), Pub.L. No. 104–134, 110 Stat. 1321, under 42 U.S.C. § 1997e(a) and (2) improperly sued for alleged mental and emotional injuries, in violation of § 1997e(e)'s physical injury requirement. (See DE # 56.)

Defendants contend that even though Plaintiff acknowledges that prisoner grievance procedures were in place and available to him while incarcerated, Plaintiff's allegations and attachments to his Operative Complaint fail to demonstrate that he exhausted the administrative remedies available through the grievance process. In addition, Defendants contend that Plaintiff's actions fall squarely within the PLRA's prohibition against prisoner suits for mental or emotional injury in which the inmate does not allege suffering physical injury. For these reasons, Defendants submit that Plaintiff's § 1983 lawsuit is barred by the PLRA and Plaintiff's Complaint [DE # 1 & DE # 12], must be dismissed.

## B. Report and Recommendations

Magistrate Judge White's Report and Recommendation recommends that Defendants' Joint Motion to Dismiss for lack of exhaustion of administrative remedies and absence of physical injury be denied for the following two reasons: (1) the Court

---

1. Here, pursuant to the Order of December 16,2005, the "Operative Complaint" consists of Plaintiff's initial Complaint (DE # 1) and his Amended Complaint (DE # 12). (See DE # 21.)

2. On June 1, 2006, Defendants filed their objections to the instant Report and Recommendation. (See DE # 67.)

cannot be certain that the exhibits to the Amended Complaint (DE # 12) accurately represent the entirety of Plaintiff's attempts to exhaust administrative remedies; and (2) Plaintiff's failure to allege that he suffered any physical injury as a result of the violation of his First Amendment right to free exercise of religion does not foreclose Plaintiff from pursuing judicial relief.

The Report and Recommendation further explains that unless it is abundantly clear from the pleadings that the "plaintiff has failed to exhaust available administrative remedies, the lack of exhaustion is an affirmative defense that must be raised by the defendants and cannot be decided upon a Motion to Dismiss." Moreover, the Report and Recommendation states that § 1997e(e)'s physical injury requirement does not bar Plaintiffs right to relief under a free exercise of religion claim to recover nominal and punitive damages, even though compensatory damages should be denied because no physical injury was alleged. Thus, Magistrate Judge White recommends that Defendants' Joint Motion to Dismiss (DE # 56) be denied.

## II. *STANDARD OF REVIEW*

### A. *Report and Recommendations*

Section 636(b)(1) of the Federal Magistrate Act requires this Court to make a *de novo* determination of those parts of the Magistrate Judge's Report and Recommendations to which objection is made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz,* 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); *Jeffrey S. v. State Bd. of Educ.,* 896 F.2d 507, 512–13 (11th Cir. 1990).

### B. *Motion to Dismiss Complaint*

A motion to dismiss will be granted only where it is clear that no set of facts consistent with the allegations could provide a basis for relief. "It is well established that a complaint should not be dismissed for failure to state a claim pursuant to Fed. R. Civ. Pro. 12(b)(6) 'unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief.'" *Bradberry v. Pinellas County,* 789 F.2d 1513, 1515 (11th Cir.1986) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). For purposes of a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and accept as true all facts alleged by the plaintiff. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). The issue is not whether the plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Little v. City of North Miami,* 805 F.2d 962, 965 (11th Cir.1986) (citation omitted).

### C. *Attachments to the Complaint are Considered part of the Pleading*

■ On a motion to dismiss, the Court may consider documents attached to the Complaint or directly referred to in the Complaint. Exhibits attached to a Complaint are properly considered part of the pleadings for all purposes, including a Rule 12(b)(6) motion. *Solis–Ramirez v. United States Dep't of Justice,* 758 F.2d 1426, 1430 (11th Cir.1985). Attachments to a Complaint are to be considered in the same manner as the Complaint itself. *Rhodes v. Omega Research, Inc.,* 38 F.Supp.2d 1353, 1357–58 (S.D.Fla.1999).

## III. *DISCUSSION*

### A. *Plaintiff's Suit Must Be Dismissed for Failure to Exhaust Administrative Remedies*

Under PLRA, the plaintiff is required to have fully exhausted his available administrative remedies prior to filing suit in federal court. *See Porter v. Nussle,* 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Alexander v. Hawk,* 159 F.3d 1321 (11th Cir.1998). PLRA § 1997e(a) states that

"No action shall be brought with respect to prison conditions under section 1983 ... by a prisoner [in custody] ... until such administrative remedies as are available are exhausted." The exhaustion requirement applies to "all inmate suits about prison life" involving general circumstances or particular episodes alleging some wrong. *Lyons v. Trinity Services Group, Inc.*, 401 F.Supp.2d 1290, 1293 (S.D.Fla.2005) (quoting *Porter*, 534 U.S. at 532, 122 S.Ct. 983).

■ Accepting all Plaintiff's allegations as true for the purposes of the this motion, the Report and Recommendation at issue erroneously treated the PLRA's exhaustion requirement as an affirmative defense rather than a condition precedent to suit that must be satisfied by Plaintiff in order to avoid dismissal. *See Higginbottom v. Carter*, 223 F.3d 1259, 1260–61 (11th Cir. 2000); *Alexander*, 159 F.3d at 1326. Eleventh Circuit cases hold that the exhaustion requirement is a condition precedent to filing suit.[3] *O'Connor v. Brown*, Case No. 03–20716–CIV–MORENO, 2006 WL 889434, *3 (S.D.Fla. March 30,2006); See *Porter*, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12; *See Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir.1999); *See Harper v. Jenkin*, 179 F.3d 1311, 1312 (11th Cir.1999). Moreover, based on settled law in § 1983 actions, Plaintiff Stanley Jordan carries the burden of demonstrating that he has exhausted administrative remedies through the grievance process as to every defendant. See *Lyons*, 401 F.Supp.2d at

1297 (citing *Hartsfield v. Vidor*, 199 F.3d 305, 307 (6th Cir.1999)).

■ Here, Plaintiff failed to provide evidence that he complied with and exhausted the Pretrial Detention Center's grievance procedures and remedies before filing suit. Plaintiff alleged completing inmate request forms and an inmate grievance form. These two steps do not satisfy the PLRA's exhaustion requirement of all available administrative remedies through the grievance process. The following two events provide evidence that Plaintiff violated the exhaustion requirement under § 1997e(a).

First, at the time Plaintiff filed a claim that he was denied appropriate dietary accommodation for his religious fasting during Ramadan, Plaintiff alleged that the administrative procedures were still "unresolved." The Inmate Grievance Control Log attached to the Amended Complaint shows that the administrative procedures were clearly not exhausted because only one out of five steps of the process were logged and completed. (See DE # 12 Exh. F.) None of the exhibits attached to the Amended Complaint (DE # 12) provide evidence of a grievance filed that resulted in denying Plaintiff dietary accommodations for Ramadan. Moreover, Plaintiff did not appeal or reject the grievance hearing committee's recommendation, which agreed to attempt to accommodate Plaintiff by having Jumu'ah services. (See DE # 12 Exh. G.)

Second, Plaintiff failed to submit a grievance within three working days from the

---

**3.** The Eleventh Circuit has articulated the following policy reasons for favoring the exhaustion requirement:

(1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources,

since the complaining party may be successful in vindicating rights in the administrative process and the courts may never have to intervene; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures.
*Alexander*, 159 F.3d at 1327

grievance incident. Plaintiff waited from April 10, 2003, the beginning of Plaintiff's incarceration, until November 25, 2003, more than six months after he was initially denied religious accommodation for the observance of Jumu'ah, to submit a grievance. (See DE# 12, Exh. A.) For these reasons, the Court finds that Plaintiff's suit must be dismissed for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act § 1997e(a) and Defendants' Joint Motion to Dismiss shall be granted.

### B. *Plaintiff Improperly Sued for Mental and Emotional Injuries in Violation of § 1997e(e)*

■ Because Plaintiff's lawsuit must be dismissed for failure to exhaust administrative remedies under the PLRA, this Court need not reach and resolve the issue of recovery of damages. Nevertheless, Plaintiff's claims for damages for mental and emotional injuries are barred under § 1997e(e). § 1997e(e) of the PLRA states that a prisoner may not bring a "federal civil action . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." Based upon the Eleventh Circuit case precedent, compensatory and punitive damages are barred in this case because Plaintiff does not allege physical injury, but only mental and emotional injuries. *Asad v. Crosby,* Case No. 04–13825, 158 Fed.Appx. 166, 168 n. 1 (11th Cir. Nov.9, 2005). Permitting Plaintiff to maintain a lawsuit alleging only mental and emotional injuries would circumvent Congress' intent under the PLRA to curtail "frivolous and abusive prisoner litigation." *Harris v. Garner,* 190 F.3d 1279, 1286 (11th Cir.1999) (quoting Alexander, 159 F.3d at 1324).

### IV. *CONCLUSION*

Accepting all of Plaintiff's allegations as true for purposes of this motion, and based upon the United States Supreme Court and the Eleventh Circuit's interpretation of the Prison Litigation Reform Act, this Court finds that Plaintiff has (1) failed to exhaust administrative remedies of the grievance system of the Pretrial Detention Center in violation of § 1997e(a) and (2) improperly sued for mental and emotional damages without alleging physical damages in violation of § 1997e(e). Accordingly, after a careful review of the record, and the Court being otherwise fully advised, it is ORDERED and ADJUDGED that Magistrate Judge Patrick A. White's May 16, 2006 Report and Recommendation (DE # 66) Denying Defendants' Motion to Dismiss be, and the same is hereby, REJECTED. It is further ORDERED and ADJUDGED that Defendants' Motion to Dismiss Operative Complaint (DE # 1 & DE # 12) be, and the same is hereby, GRANTED. This case is hereby DISMISSED, and CLOSED.