In re TAYLOR, BEAN & WHITAKER MORTGAGE CORPORATION, et al., Debtors.

Neil F. Luria, as Trustee for the Taylor, Bean & Whitaker Plan Trust, Plaintiff,

v.

United States Department of Agriculture, Defendant.

Bankruptcy No. 3:09–bk–7047–JAF.
Adversary No. 3:11–ap–535–JAF.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

April 11, 2012.

Kristopher E. Aungst, Miami, FL, for Plaintiff.

Christopher Emden, Washington, DC, for Defendant.

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT

JERRY A. FUNK, Bankruptcy Judge.

This proceeding is before the Court on Defendant United States Department of Agriculture's ("Defendant") Motion to Dismiss Plaintiff Neil F. Luria's Amended

Complaint (Doc. 20, "Motion to Dismiss"; *see also* Doc. 11, "Amended Complaint"), Mr. Luria's response in opposition thereto (Doc. 24, "Response"), and Defendant's reply brief (Doc. 25, "Reply"). For the reasons stated herein, the Motion to Dismiss (Doc. 20) will be denied.

## I. BACKGROUND

On August 24, 2009, Taylor, Bean & Whitaker Mortgage Corporation (the "Debtor"), filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, thereby commencing Case No. 3:09–bk–7047–JAF. On July 21, 2011, a joint plan of liquidation (the "Plan") was confirmed by this Court (Case No. 3:09–bk–7047–JAF [Doc. 3420] ). The Plan provides for the establishment of a liquidating trust and the appointment of Plan Trustee, Neil F. Luria, to administer the liquidating trust.

On August 20, 2011, Mr. Luria (hereinafter referred to as "Plaintiff"), commenced the instant adversary proceeding by filing a two-count complaint (Doc. 1, Complaint). On November 30, 2011, Defendant filed a motion to dismiss the Complaint (Doc. 5). In response, Plaintiff filed the instant Amended Complaint (Doc. 11). Count I of the Amended Complaint, brought pursuant to 11 U.S.C. § 547(b), seeks the avoidance of alleged preferential payments (in the aggregate amount of $2,729,382.29) made to Defendant by the Debtor (Doc. 11 at 3; *see also* Ex. A). Count II seeks to recover such amounts, *supra,* by way of 11 U.S.C. § 550 (Doc. 11 at 4–5).

In the Motion to Dismiss (Doc. 20), Defendant asserts the Amended Complaint fails to state a claim upon which relief can be granted under Rule 8(a) of the Federal Rules of Civil Procedure, made applicable by Rule 7008(a) of the Federal Rules of Bankruptcy Procedure (Doc. 20 at 3–8).

For the reasons provided herein, the Court is not persuaded.

## II. MOTION TO DISMISS STANDARD

A motion to dismiss pursuant to Rule 12(b) tests the sufficiency of a complaint and asks the court to determine whether the complaint sets forth sufficient factual allegations to establish a claim for relief. When evaluating whether a plaintiff has stated a claim, a court must determine whether the complaint satisfies Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a Rule 12(b) motion, the complaint must contain enough factual matter (taken as true) to "raise [the] right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "[N]aked assertions devoid of further factual enhancement" will not satisfy Rule 8(a)(2)'s requirement of a short plain statement of the claim showing the pleader is entitled to relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Twombly,* 550 U.S. at 557, 127 S.Ct. 1955) (internal quotations omitted). A "formulaic recitation of the elements of a cause of action will not do." *Id.* Thus, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955.

A mere possibility that the defendant acted in contravention to the law will not suffice. *Id.* Although a court must accept all well pleaded facts as true, it is not required to accept legal conclusions. *Sinaltrainal v. Coca–Cola Co.,* 578 F.3d 1252, 1260 (11th Cir.2009). A complaint must contain sufficient factual matter, accepted as true, to state a claim for relief

that is plausible on its face. *Iqbal,* 129 S.Ct. at 1949.

## III. ANALYSIS

### A. *Preferential Transfers*

Count I of Plaintiff's Amended Complaint seeks to avoid a series of alleged preferential transfers pursuant to 11 U.S.C. § 547(b) (Doc. 11 at 2–4; *see also* Ex. A). Section 547(b) of the Bankruptcy Code provides, in relevant part, for the avoidance of any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; [. . .] and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

The Amended Complaint alleges: (1) Defendant was a creditor of the Debtor at the time of the transfers; (2) at the time of the subject transfers, Defendant had or claimed a right to payment on account of an obligation owed to Defendant by the Debtor; (3) the transfers were made within 90 days of the Petition Date; (4) the transfers were made for, or on account of, antecedent debt(s) owed by the Debtor prior to the transfers being made; (5) the transfers related to such antecedent debt(s) are identified by Exhibit A; and (6) as a result of the transfers, Defendant received more than it would have received if: (i) the Debtor's case were a case under Chapter 7 of the Bankruptcy Code, (ii) the transfers had not been made, and (iii) Defendant received payment of its claims under the provisions of the Bankruptcy Code (Doc. 11 at 2–4, Ex. A).

Exhibit A provides detailed information with respect to the subject transfers (Doc. 11, Ex. A). Specifically, Exhibit A delineates: (1) the name of the transferee (Defendant); (2) the check numbers related to the transfer(s); (3) the date the check(s) "cleared"; (4) the precise amount of each transfer; and (5) the invoice number associated with each transfer (Doc. 11, Ex. A).

In support of its Motion to Dismiss, Defendant maintains Count I fails to state a cause of action under § 547(b) that is plausible on its face because the factual allegations fail to plausibly suggest Defendant was a creditor of the Debtor, the nature and amount of an antecedent debt, or that Defendant received more than it would in a hypothetical Chapter 7 liquidation (Doc. 20 at 5–8). The Court, however, finds these arguments unpersuasive.

■ Specifically, claims brought pursuant to § 547 are subject to the notice pleading standard of Rule 8(a)(2) of the Federal Rules of Civil Procedure, made applicable by Rule 7008 of the Federal Rules of Bankruptcy Procedure. *Tousa Homes, Inc. v. Palm Beach Newspapers, Inc. (In re TOUSA, Inc.),* 442 B.R. 852, 856 (Bankr.S.D.Fla.2010). Accordingly, under Rule 8(a)(2) a plaintiff must provide only a "short and plain statement of the claim showing that [he or she] is entitled to relief." Fed.R.Civ.P. 8(a)(2). The purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the . . . claim is

and the grounds upon which it rests." *Twombly, supra,* 127 S.Ct. at 1959.

■ Here, attached to the Amended Complaint is Exhibit A, which indicates Defendant received particular transfers from the Debtor, in specific amounts, on specific dates (Doc. 11, Ex. A). Further, Exhibit A identifies the transactions that relate to the purported antecedent debt(s) by invoice number (Doc. 11, Ex. A). In its Reply, Defendant states the Amended Complaint "makes no allegations that would allow one to infer that the numbers listed in the 'Invoice Number' column actually relate to real invoices" (Doc. 25 at 4). This assertion alone creates a question of fact that is inappropriate for resolution at the motion to dismiss stage of the proceedings.

Plaintiff also pleads facts in support of his claim that such transfers were made while the Debtor was either insolvent or rendered insolvent thereby (Doc. 11 at 3). Specifically, Plaintiff incorporates by reference the Second Amended and Restated Disclosure Statement, filed in the underlying bankruptcy case (3:09–bk–7047–JAF [Doc. 2144]) (Doc. 11 at 3). This document lends factual support to Plaintiff's claim(s) of insolvency. On a motion to dismiss, the Court may consider documents attached to the complaint or directly referred to in the complaint. *Jordan v. Miami–Dade County,* 439 F.Supp.2d 1237, 1240 (S.D.Fla.2006) (citing *Solis–Ramirez v. United States Dep't of Justice,* 758 F.2d 1426, 1430 (11th Cir.1985)).

In addition,

> [t]he presence or absence of reasonably equivalent value is a question of fact which does not [typically] appear upon the face of [a] complaint and which therefore does not require dismissal. As with other affirmative defenses and fact questions, the issue will be decided after discovery upon the filing of a prop-

erly supported motion for summary judgment or at trial.

*Schnelling v. Crawford (In re James River Coal Co.),* 360 B.R. 139, 167 (Bankr. E.D.Va.2007).

■ Likewise, whether Defendant received more by way of the subject transfers than it would have under a Chapter 7 liquidation is a factual question inappropriate for resolution on a motion to dismiss. *See HLI Creditor Trust v. Export Corp. (In re Hayes Lemmerz Int'l, Inc.),* 313 B.R. 189 (Bankr.D.Del.2004).

Based on the foregoing, the Court finds the allegations of the Amended Complaint, taken in conjunction with the factual assertions included in Exhibit A, provide sufficient information under Rule 8(a)(2) for Defendant to admit or deny the allegations and assert any affirmative defenses. Accepted as true, the assertions in Count I adequately state a claim that is plausible on its face under *Twombly, supra,* and its progeny. *See In re TOUSA, Inc.,* 442 B.R. at 856. Therefore, Defendant's Motion to Dismiss Count I of the Amended Complaint is denied.

### B. Recovery of Property

Count II of the Amended Complaint is brought under § 550 of the Bankruptcy Code, which provides that, once a transfer has been avoided pursuant to, *inter alia,* sections 544, 547, or 548, a trustee may recover the property that was transferred from the party for whose benefit the transfer was made. 11 U.S.C. § 550.

■ Here, Plaintiff has alleged that the transfers at issue are avoidable pursuant to at least one of the aforementioned Bankruptcy Code sections. As the Court has permitted Count I to stand, it follows that Plaintiff has sufficiently pleaded his claim for recovery of any avoided transfers. *See Vaughn v. Graybeal, Jr. (In re*

*CM Vaughn, LLC)*, No. 10–06105–MGD, 2010 WL 3397425, at *3 (Bankr.N.D.Ga. June 21, 2010). Thus, Defendant's Motion to Dismiss Count II is denied.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED:**

1. Defendant's Motion to Dismiss the Amended Complaint (Doc. 20) is denied.

2. Defendant shall file an answer within twenty-one (21) days from the date of this Order.

3. A Status Conference will be scheduled upon receipt of the answer.